UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

EARL BRISTOW FEELINGS,

                     Plaintiff,

             -v-

O.B.C.C. WARDEN KENNETH STUKES *et al.*,

                     Defendants.

15-CV-1889 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. Paul Oetken, United States District Judge:

      Plaintiff Earl Bristow Feelings commenced this 42 U.S.C. § 1983 action on March 10, 2015, alleging that he was unlawfully held in punitive segregation at the Rikers Island jail facility for seventy-one days. (Dkt. No. 2 at 30.) Defendants the City of New York, Warden Kenneth Stukes, Captain Michelle Walker, Corrections Officer Sheila Owens, Captain Sheldon Johnson, and Civilian Officer Keith Guerrant ("Defendants") move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 24.) For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

I.

      The following facts are drawn from the complaint, as well as Feelings' opposition to the motion to dismiss, and are presumed true for the purpose of this motion. *See Henning v. N.Y. City Dep't of Corr.*, No. 14-CV-9798, 2016 WL 297725, at *3 (S.D.N.Y. Jan. 22, 2016) ("Although this allegation appears in his opposition papers, the Court—consistent with its duty to liberally construe *pro se* pleadings—will credit Plaintiff's assertion in evaluating the sufficiency of his complaint.").

      Feelings is an inmate at Rikers Island. (*See* Dkt. Nos. 2, 43.) As relevant here, in July 2014, Feelings admitted to "destroying city property ([a] disposable shaving razor)" and

consequently was given a penalty of 30 days in punitive segregation at a disciplinary hearing presided over by defendant Walker.  (Dkt. No. 2 at 24.)  On August 22, 2014, Feelings returned to the general population after completing his time in punitive segregation.  (*Id.*)

In September 2014, Feelings "was issued an infraction for 'fighting'" and was given a penalty of 15 days in punitive segregation.  (*Id.*)  As a result, on September 24, 2014, Feelings was sent to the Central Punitive Segregation Unit ("C.P.S.U.") at the Otis Bantum Correctional Facility ("O.B.C.C.") at Rikers Island.  (*Id.*)  Feelings was scheduled to be released from punitive segregation on October 9, 2014, but when that date arrived, Feelings was not released.  (*Id.*)  Instead, he was informed that he would serve an additional 90 days.  (*Id.* at 15.)

In response, Feelings notified defendant Johnson, who investigated the "administrative error."  (*Id.* at 16.)  He filed grievances to Kenneth Stukes, the Warden of O.B.C.C., which were not acknowledged, to the "inmate grievance resolution [c]ommittee program," and to the "facility mental [h]ealth practitioner."  (*Id.* at 17, 19.)  Feelings also informed "Washington, Deputy of Rank officer" who "explain[ed] to the plaintiff that she would look into the matter . . . [of] unlawful detention [and] [g]et back to plaintiff once she ha[d] thoroughly investigated" it.  (*Id.* at 18.)  Later, Washington told Feelings that he would remain in C.P.S.U. as "retribution and retaliation" for an earlier incident between Feelings and Washington's coworker.  (Dkt. No. 36 at 37-38; Dkt. No. 2 at 18-19.)

In response to his punitive segregation, Feelings commenced an Article 78 proceeding that resulted in "judgment in favor of plaintiff on December 16th, 2014," and "approximately [2] days later the plaintiff was removed back into general population."  (Dkt. No. 36 at 42.)

In sum, Feelings served "erroneously a[n] extensive period of [71] days in C.P.S.U."  (Dkt. No. 2 at 19.)  He claims that Defendants "arbitrarily enforce[ed] a[n] unwarranted

2

[un]imposed penalty" of punitive segregation in part because of their "discontent" with Captain Walker's decision to give Feelings a penalty of only 30 days for the July 2014 razor incident. (*Id.* at 20, 25.)  He also appears to attribute his excessive time in punitive segregation to retaliation for the incident referenced by Williams. (Dkt. No. 36 at 37-38; Dkt. No. 2 at 18-19.)

      Feelings commenced this action *pro se*.  (Dkt. No. 2.)  The motion to dismiss was filed on September 15, 2015.  (Dkt. No. 24.)  On October 28, 2015, attorney Chadwick Beau Young of James Greeberg & Associates, LLP, entered an appearance in this matter on behalf of Feelings and requested an extension of time to file an opposition to the motion to dismiss.  (Dkt. Nos. 33, 34.)  The Court granted an extension, specifying that Feelings must file his opposition on or before December 29, 2015.  (Dkt. No. 35.)  On November 2, 2015, Feelings filed a *pro se* opposition to the motion to dismiss.  (Dkt. No. 36.)  No opposition from counsel having then been received, on January 12, 2016, Defendants requested that their motion to dismiss be considered unopposed.  (Dkt. No. 37.)  On January 20, 2016, the Court ordered counsel for Feelings to, on or before January 25, 2016, "notify the Court whether he intends to file an opposition to the motion to dismiss or whether the Court should consider Mr. Feelings' *pro se* affirmation as the entirety of Feeling's opposition to the motion to dismiss in this case."  (Dkt. No. 39.)  On January 25, 2016, counsel for Feelings wrote to request a further extension of time to file opposition.  (Dkt. No. 40.)  The Court granted an extension, specifying that counsel for Feelings must file any opposition on or before February 5, 2016.  (Dkt. No. 41.)  No opposition from counsel having been filed, Defendants filed a reply on February 29, 2016.  (Dkt. No. 42.)  Finally, on April 11, 2016, Feelings filed a request to have counsel Young relieved as counsel and for Feelings to be "reinstated as a[] Pro Se litigant."  (Dkt. No. 43 at 2.)

II.

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual allegations in the complaint and "draw[] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks omitted). Moreover, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Because Feelings filed both the complaint and opposition to the motion to dismiss *pro se*, the Court considers Defendants' motion to dismiss opposed and construes both filings consistent with its responsibility to liberally construe the submissions of a *pro se* litigant. *Henning*, 2016 WL 297725, at *3.

Defendants offer various grounds for dismissal. First, Defendants argue that Feelings has not alleged a violation of his constitutional rights because "the time that plaintiff served in C.P.S.U. was at all times properly calculated." (Dkt. No. 25 at 4.) In support of this view, Defendants submit evidence suggesting that the "72 days plaintiff spent in C.P.S.U. from October 20, 2014 to December 19, 2014 were for time he owed for prior infractions committed and adjudicated by the disciplinary unit." (*Id.* at 5.) Because this is a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint. *Allaire Corp.*, 433 F.3d at 249–50. It follows that Defendants cannot, at this stage, prevail by

4

offering evidence that contradicts the allegations in Feelings' complaint, although Defendants may move for summary judgment on this ground at the appropriate time.

Second, Defendants argue that the individual defendants are protected by qualified immunity. The doctrine of qualified immunity protects prison officials from liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To resolve qualified immunity claims, courts first consider whether the plaintiff "has shown facts making out violation of a constitutional right." *Id*. Courts then assess whether the right at issue was "clearly established," and even if it was, whether it was "objectively reasonable" for the official to believe his conduct was lawful. *Id*. (quoting *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Defendants assert qualified immunity on the ground that "even assuming, *arguendo*, that a computer error of some sort did result in plaintiff serving an excess of 72 days in C.P.S.U., plaintiff does not allege that any of the individual officers in this case would have known of such error, and therefore, it would not be 'objectively unreasonable'" for the individual officers to have relied on the computer error and ordered plaintiff to serve time accordingly. (Dkt. No. 25 at 8.) Underlying Defendants' position is an apparent decision to construe Feelings' complaint as attributing his excessive term in punitive segregation to a "computer error." (*Id.* at 8 n.4). However, read liberally, Feelings' complaint does not allege a mere administrative error or error in calculation. Instead, Feelings claims that Defendants held him in punitive segregation in part because of their "discontent" with Captain Walker's decision to give Feelings a penalty of only 30 days for the July 2014 razor incident. (Dkt. No. 2 at 20, 25.) Defendants cannot invoke

5

qualified immunity based on a theory that requires the Court to read allegations out of Feelings' complaint.

Next, Defendants contend that the complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  Although exhaustion is a requirement for maintaining an action with respect to prison conditions, the "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004).

The Second Circuit has recognized that "while the PLRA's exhaustion requirement is 'mandatory,' certain caveats apply."  *Giano*, 380 F.3d at 677 (citation omitted).  "These caveats fall into three categories: when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."  *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).  It follows that a claim should be dismissed for failure to exhaust only if "nonexhaustion is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane."  *Lovick v. Schriro*, No. 12-CV-7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alteration and internal quotation

marks omitted); *see Torres v. Aramark Food and Commissary Servs.*, No. 14-CV-7498, 2015 WL 9077472, at *3 (S.D.N.Y. Dec. 16, 2015).

Because Feelings is an inmate in a New York City Department of Correction ("DOC") facility, the applicable administrative regime is the DOC's Inmate Grievance and Request Program ("IGRP").[1]  Under the IGRP:

> a prisoner who wishes to file a grievance must file a form with IGRP staff within ten business days of the condition giving rise to the grievance.  [Directive 3376] §§ II.F, IV.B.1.  IGRP staff are required to provide an "informal resolution" within five business days of receiving the form.  *Id.* § II.F.  The dispositions of IGRP staff are appealable through several layers of review, up to the DOC's Central Office Review Committee ("CORC").  *Id.* § II.G (providing for appeal of IGRP staffs disposition to Inmate Grievance Resolution Committee, then to facility's Commanding Officer, then to the CORC).  The administrative process is complete only when the CORC has issued its disposition.  *Id.*  The decisionmakers at each level of review must issue their decisions within certain time limits, *id.* §§ IV.G.1, H.1, 1.2, J.5.a-b, and an inmate may appeal if he "does not receive a timely disposition at any stage of the IGRP process," *id.* § IV.D.10.

*Garvin v. Rivera*, No. 13-CV-7054, 2015 WL 876464, at *3 (S.D.N.Y.  Feb. 28, 2015).

In his opposition to the motion to dismiss, Feelings states that Defendants "withheld grievance forms" and that his "extreme[] isolat[ion]" from others frustrated his efforts to comply with the requirements of the PLRA.  (Dkt. No. 36 at 30-31.)  Although these allegations appear in his opposition papers, the Court—consistent with its duty to liberally construe *pro se* pleadings—will credit Feelings' assertions in evaluating the sufficiency of his complaint.  *See Henning*, 2016 WL 297725, at *3; *Lovick*, 2014 WL 3778184, at *2.  Assuming these allegations are true, which at this stage the Court must, it cannot be said that "nonexhaustion is clear from

---

[1] The Court takes judicial notice of the IGRP, as courts regularly do in this district.  *See, e.g., Myers v. City of New York*, No. 11-CV-8525, 2012 WL 3776707, at *4 n. 6 (S.D.N.Y. Aug. 29, 2012).  The IGRP directive that governs administrative exhaustion in this case is available on the Department of Correction's website.  *See* City of New York Dep't of Correction, Directive 3376 (effective September 10, 2012), http://www.nyc.gov/html/doc/downloads/pdf/Directive_3376_Inmate_Grievance_Request_Program.pdf ("Directive 3376").

the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane." *Lovick*, 2014 WL 3778184, at *4 (alteration an internal quotation marks omitted). On the contrary, nonexhaustion may be excused where, as alleged here, "administrative remedies [were] not available . . . ." *Ruggiero*, 467 F.3d at 175; *see Hill v. Tisch*, No. 02-CV-3901, 2009 WL 3698380, at *4 (E.D.N.Y. Oct. 30, 2009). Because "failure to exhaust is an affirmative defense under the PLRA" rather than a pleading requirement, *Jones*, 549 U.S. at 216, and because Plaintiff's papers suggest that nonexhaustion in this matter could potentially be excused as unavailable, Defendants' motion to dismiss for failure to exhaust is denied.

Finally, Defendants contend that Feelings has failed to allege any basis for municipal liability against defendant the City of New York. "It is axiomatic that municipalities cannot be held liable pursuant to § 1983 on a *respondeat superior* theory." *Betts v. Shearman*, No. 12-CV-3195, 2013 WL 311124, at *15 (S.D.N.Y. Jan. 24, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Instead, "[t]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2009) (internal quotation marks and citation omitted); *accord Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (same). Accordingly, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. Cty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (citations omitted). Without more, "[t]he allegations [that a defendant] acted pursuant to a 'policy,' without any facts

suggesting the policy's existence, are plainly insufficient." *Id.* at 545 (citation omitted); *see Santiago v. City of New York*, No. 9-CV-856, 2009 WL 2734667, at *3 (E.D.N.Y. Aug. 25, 2009).

Feelings' complaint "is devoid of a single, non-conclusory allegation from which the Court could . . . plausibly infer[] the existence of a violative policy or custom." *Guzman v. United States*, No. 11-CV-5834, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013). Accordingly, Feelings' claim against the City of New York is dismissed.

### III.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion to dismiss for failure to allege a violation of his constitutional rights, failure to exhaust administrative remedies, and on the basis of qualified immunity is DENIED. Defendants' motion to dismiss the City of New York for failure to state a *Monell* claim is GRANTED. The remaining Defendants shall answer the complaint on or before June 13, 2016. Thereafter, the parties shall engage in discovery for a period of 60 days on the limited question of whether Feelings has met the requirements for exhaustion under the PLRA. At the close of discovery, Defendants may move for summary judgment on the subject of exhaustion. Following the resolution of such a motion, discovery on the other issues in this matter may proceed if appropriate.

The Clerk of Court is directed to close the motion at Docket Number 24.

SO ORDERED.

Dated: May 23, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

A COPY OF THIS ORDER HAS BEEN MAILED TO THE *PRO SE* PLAINTIFF