UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EARL BRISTOW FEELINGS,

        Plaintiff,

-v-

WARDEN KENNETH STUKES *et al.*,

        Defendants.

15-CV-1889 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  Plaintiff Earl Bristow Feelings, proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that he was unlawfully held in punitive segregation on Rikers Island for seventy-one days. (Dkt. No. 2 at 30.) Previously, the Court granted in part and denied in part a motion to dismiss filed by Defendants the City of New York, Warden Kenneth Stukes, Captain Michelle Walker, Corrections Officer Sheila Owens, Captain Sheldon Johnson, and Civilian Officer Keith Guerrant ("Defendants"). *Feelings v. Stukes*, No. 15 Civ. 1889, 2016 WL 2993202 (S.D.N.Y. May 23, 2016). Defendants now move for summary judgment on the ground that Feelings failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons that follow, Defendants' motion for summary judgment is denied.

I.  **Legal Standard**

  "A document filed *pro se* is 'to be liberally construed' . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "The rule favoring liberal construction of *pro se* submissions is especially applicable to civil rights claims." *Cruz v. Midwood Ambulance & Oxygen Serv., Inc.*, 136 F. App'x 414, 415 (2d Cir. 2005).

"Summary judgment is warranted when, after construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing Fed. R. Civ. P. 56(c)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986). The Court may not grant summary judgment unless the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"The moving party bears the burden of disproving the existence of any genuine issue of material fact." *Loccenitt v. City of New York*, No. 10 Civ. 8319, 2012 WL 5278553, at *3 (S.D.N.Y. Oct. 22, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must 'set out specific facts showing a genuine issue for trial,' and cannot 'rely merely on allegations or denials contained in the pleadings.'" *Toshiba Corp. v. Am. Media Int'l, LLC*, No. 12 Civ. 800, 2012 WL 3822759, at *4 (S.D.N.Y. Sept. 4, 2012) (quoting Fed. R. Civ. P. 56(e)). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation mark omitted)). Even when a party is proceeding *pro se*, "mere 'conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.'" *Cruz*, 136 F. App'x at 415 (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).

## II. Discussion

The Court presumes familiarity with the Plaintiff's factual allegations, which are detailed in the Court's prior Opinion and Order at the motion-to-dismiss stage. *See Feelings*, 2016 WL 2993202.

In considering this motion, the Court relies on facts that are undisputed, and where facts are disputed and supported by evidence, views those facts in the light most favorable to Feelings.[1] At this stage, the sole issue disputed by the parties is whether Feelings exhausted his administrative remedies, as required by the PLRA.[2]

---

[1] In response to Defendants' motion for summary judgment, Feelings submitted a brief in opposition (Dkt. No. 71), but did not submit a statement of disputed factual issues. Defendants argue that the Court should deem all facts in Defendants' Rule 56.1 statement admitted. (Dkt. No. 70 at 1–2.) While *pro se* litigants are "not excused from meeting the requirements of Local Rule 56.1," the Court nonetheless "retains some discretion to consider the substance of the [*pro se* party's] arguments, where actually supported by evidentiary submissions." *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009); *see also Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

Because Feelings is proceeding *pro se*, "this Court has conducted 'an assiduous review of the record' to determine if there is any evidentiary support for his assertions of fact that do not cite to evidence and to determine if there are any other material issues of fact." *Geldzahler v. N.Y. Med. Coll.*, 746 F. Supp. 2d 618, 620 n.1 (S.D.N.Y. 2010) (quoting *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995)); *see also, e.g.*, *Anderson v. City of New Rochelle*, No. 10 Civ. 4941, 2012 WL 3957742, at *7 (S.D.N.Y. Sept. 4, 2012). The Court carefully parses Feelings's submission to determine if it raises any genuine disputes of material fact that would preclude summary judgment, as discussed below.

[2] Feelings also argues that the discovery materials provided by Defendants have been unresponsive and otherwise insufficient, especially considering his *pro se* status. (Dkt. No. 71 at 9–10.) Federal Rule of Civil Procedure 56(f) allows a party to move to obtain additional discovery and postpone resolution of a motion for summary judgment "by describing: (i) the information sought and how it will be obtained; (ii) how it is reasonably expected to raise a genuine issue of material fact; (iii) prior efforts to obtain the information; and (iv) why those efforts were unsuccessful." *Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 167 (2d Cir. 2003), *rev'd on other grounds*, 544 U.S. 197 (2005). Because the Court concludes that a genuine dispute of material fact precludes summary judgment, this argument is moot at this juncture.

3

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). And the requirement covers "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Supreme Court has explained that the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). "The doctrine [of exhaustion of administrative remedies] provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Id.* at 88–89 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). A court may not take into account any "special circumstances" it believes may justify a prisoner's failure to exhaust his administrative remedies and comply with the PLRA. *Ross*, 136 S. Ct. at 1856–58 (abrogating the holding of *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004), which allowed for special-circumstances consideration).[3]

Indeed, "[t]he PLRA allows only one 'textual exception to mandatory exhaustion. Under [42 U.S.C.] § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not

---

[3] The Supreme Court's decision in *Ross* was issued approximately one month after this Court issued its Order on Defendants' motion to dismiss. While this Court previously indicated that special circumstances may excuse a plaintiff's failure to comply with the PLRA's exhaustion requirement, *Ross* definitively forecloses that avenue of relief.

4

exhaust unavailable ones.'" *Galberth v. Washington*, No. 14 Civ. 691, 2017 WL 3278921, at *7 (S.D.N.Y. July 31, 2017) (quoting *Ross*, 136 S. Ct. at 1858). "Grievance procedures are 'available' if they 'are capable of use to obtain some relief for the action complained of.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859).

After *Ross*, a grievance procedure is unavailable when "(1) 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) it is 'so opaque that is becomes, practically speaking, incapable of use'; or (3) 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Riles v. Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859–60).

At issue here is the administrative grievance program known as the Inmate Grievance Request Program ("IGRP"), established by the New York City Department of Correction ("DOC").[4] In particular, the question here is whether the IGRP was "available" to Feelings with respect to the claim at issue in this case.

"Under the IGRP, a prisoner who wishes to file a grievance must file a form with IGRP staff within ten business days of the condition giving rise to the grievance." *Garvin v. Rivera*, No. 13 Civ. 7054, 2015 WL 876464, at *3 (S.D.N.Y. Feb. 28, 2015) (citing DOC Directive 3376 §§ II.F, IV.B.1). An "informal resolution" must be provided to the inmate by IGRP staff within five business days of receiving the form. *Id.* (citing DOC Directive 3376 § II.F). "If the inmate does not accept the resolution that the IGRP staff proposes, the inmate shall indicate on the IGRP Disposition Form, within five business days from notification of the proposed resolution, that the

---

[4] The Court took judicial notice of the IGRP in its Order at the motion-to-dismiss stage and does so again here. *See Feelings*, 2016 WL 2993202 at *4 n.1.

inmate does not accept the resolution and requests a formal hearing." DOC Directive 3376 § IV(G)(5)(b). Subsequent appeals may be taken to the Central Office Review Committee ("CORC"), whose opinion constitutes the DOC's final decision on an inmate's grievance or request. *Id.* § IV(J).

The IGRP Disposition Forms at issue have a section near the signature box that asks the inmate: "Are you satisfied with the proposed resolution?" (Dkt. No. 60-5 at 2.) Under that question are two boxes, one labeled "Yes, I accept the resolution," and the other labeled "No." (*Id.*) Beneath the check boxes is a paragraph that begins, "I request a formal hearing of the Inmate Grievance Resolution Committee . . . ." (*Id.*)

In connection with Feelings's opposition to Defendants' motion to dismiss the complaint, Feelings attached two IGRP Disposition Forms, each of which contains a check next to the "No" box, indicating that Feelings was requesting a formal hearing. (Dkt. No. 36 at 57–58; *see also* Dkt. No. 61 ¶¶ 30–31.) According to Defendants, DOC is not in possession of the documents submitted by Feelings and has no record of his ever requesting a formal hearing. (Dkt. No. 61 ¶¶ 19, 24–25, 30–32.) Feelings argues that "correctional counsel for the grievance committee . . . administratively documented [his] intent [and] signature requesting [an] institutional hearing," and that his "endorsed signature is confirmation of [his] expectations to be present at the scheduled grievance hearing to contest . . . the unlawful solitary confinement." (Dkt. No. 71 at 12–13.) He also asserts that "[D]efendants apparently had fabricated false disciplinary incidents reports with a[] conscious intent to deprive [him] of his right" to bring the current suit. (*Id.* at 17.)

Defendants argue that Feelings was "required to appeal the IGRC's decision to the facility's commanding officer and to then further appeal to the DOC CORC" by "sign[ing] and

6

check[ing] off a box on the disposition form . . . to indicate whether the inmate accepts the disposition by the IGRC." (Dkt. No. 70 at 4–5.) But this is precisely what Feelings claims he did to "document[] [his] intent [and] signature requesting [an] institutional hearing." (Dkt. No. 71 at 12; *see also* Dkt. No. 36 at 34–36, 57.) At the summary judgment stage, the Court "constru[es] the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in its favor." *Sledge*, 564 F.3d at 108 (2d Cir. 2009). Whether Feelings did or did not request a formal hearing, therefore, is an issue of material fact that remains in dispute at this stage.

Defendants further argue that even if Feelings did check the "No" box to request a formal hearing, he failed to exhaust additional levels of the administrative procedures outlined in the IGRP, including a further appeal to the CORC. (Dkt. No. 59 at 8.) Defendants argue that "the law is well-settled that the failure to take an available administrative appeal, even when the initial grievance receives no response, constitutes a failure to exhaust available administrative remedies." *Mena v. City of New York*, No. 13 Civ. 2430, 2016 WL 3948100, at *3 (S.D.N.Y. July 19, 2016) (quoting *Garvin*, 2015 WL 3999180, at *3 and collecting cases).

However, *Mena*, and the cases it discusses, are distinguishable from the present circumstance. In those cases, the plaintiff's *initial* grievance received no response. *See, e.g.*, *Johnson v. New York City Dep't of Correction*, No. 13 Civ. 6799, 2014 WL 2800753, at *6 (S.D.N.Y. June 16, 2014) ("Assuming that Plaintiff filed a timely grievance . . . and received no response within five business days[,] Plaintiff . . . could have taken the next step and requested a hearing."). At the initial grievance stage, a plaintiff fails to exhaust his administrative remedies by failing to take advantage of an appeal that is expressly available under the IGRP. *See, e.g.*, *Leacock v. New York City Health Hosp. Corp.*, No. 03 Civ. 5440, 2005 WL 483363, at *7

(S.D.N.Y. Mar. 1, 2005) (finding a failure to exhaust administrative remedies because "the IGRP permitted [plaintiff] to appeal even if she did not receive a response to her grievance"); *Burns v. Moore*, No. 99 Civ. 966, 2002 WL 91607, at *8 (S.D.N.Y. Jan. 24, 2002) ("New York State's Inmate Grievance program allows prisoners to appeal matters that are not addressed at a lower grievance level within the prescribed time. Thus, even if Plaintiff received no response to his initial grievance, Plaintiff could have sought the next level of review . . . ." (citation omitted)).

Here, in contrast, Defendants do not point to any provision of the IGRP that would permit Feelings to appeal his case to the CORC in the event that (1) he checked the "No" box on the appropriate form, requesting a formal hearing, (2) nothing was done in response, and (3) Defendants "fail[ed to] secure [his] attendance" at any formal hearing. (Dkt. No. 71 at 17.) Indeed, under the IGRP, "[i]f the inmate requests a hearing, the IGRP staff shall complete an IGRC Hearing Notice [], schedule the Inmate Grievance Resolution Committee hearing, and ensure that the IGRC Hearing Notice form is served upon the inmate within one business day." (Dkt. No. 60-2 § IV(G)(5)(b)(i).) There is no evidence that these steps were taken in this case. Importantly, the IGRP does not appear to provide any mechanism by which an inmate may appeal a decision by prison authorities not to hold a hearing (or their failure to hold a hearing) after one is requested.

Construing Feelings's submission liberally, as this Court is required to do, *see Erickson*, 551 U.S. at 94, the Court cannot conclude beyond genuine dispute that Feelings failed to pursue administrative grievance remedies that were "available" to him. Accordingly, Defendants' motion for summary judgment is denied.

### III. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The Clerk of Court is directed to close the motion at Docket Number 58.

SO ORDERED.

Dated: August 21, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

A COPY OF THIS OPINION AND ORDER HAS BEEN MAILED TO THE *PRO SE* PARTY